KYM SAMUEL CUSHING
Nevada Bar No. 4242
MARK C. SEVERINO
Nevada Bar No. 14117
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
300 South Fourth Street, 11th Floor
Las Vegas, Nevada 89101
(702) 727-1400; Fax (702) 727-1401
Kym.Cushing@wilsonelser.com
Mark.Severino@wilsonelser.com
*Attorneys for Defendants*
*Robert James Olaveson and Andrus Transportation Services*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JHONNY DARIO LEMUS, | CASE NO.: 2:14-cv-01381-JCM-NJK |
| Plaintiff, | |
| vs. | |
| ROBERT JAMES OLAVESON; ANDRUS TRANSPORTATION SERVICES INCORPORATED; DOES I through XX, inclusive and ROE BUSINESS ENTITIES I through XX, inclusive, | **DEFENDANTS' EMERGENCY MOTION TO DISQUALIFY COUNSEL** |
| Defendants. | |

Defendants Andrus Transportation Services Incorporated and Robert James Olaveson (collectively as "defendants"), by and through their attorneys of record, Kym Samuel Cushing, Esq. and Mark C. Severino, Esq. of the law offices of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, files their emergency motion to disqualify plaintiff Jhonny Dario Lemus' counsel of record Ladah Law Firm.

. . .

. . .

. . .

954115v.1

1       This motion is made and based upon LR 7-5, LR IA 10-7(a), the attached memorandum of

2   points and authorities, the pleadings and papers on file herein, and any oral argument which the

3   Court may allow at the time of hearing on this matter, if any.

4       DATED this ___ day of May, 2016.

5                           **WILSON, ELSER, MOSKOWITZ,**

6                           **EDELMAN & DICKER LLP**

7

8                BY: _____

8                      KYM SAMUEL CUSHING

9                      Nevada Bar No. 4242

9                      MARK C. SEVERINO

10                     Nevada Bar No. 14117

10                     300 South Fourth Street, 11th Floor

10                     Las Vegas, Nevada  89101

11                     702.727.1400; FAX 702.727.1401

11                     *Attorneys for Defendants Robert James*

12                     *Olaveson and Andrus Transportation Services*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

954115v.1

**AFFIDAVIT IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION TO DISQUALIFY COUNSEL**

STATE OF NEVADA       )
                            ) SS
COUNTY OF CLARK      )

        KYM SAMUEL CUSHING, ESQ., being first duly sworn, on oath, deposes and says:

1.     I am a competent adult, over the age of eighteen (18) years, with personal knowledge of all facts stated herein. I am an attorney, duly licensed to practice law in the State of Nevada. I am an attorney with Wilson, Elser, Moskowitz, Edelman & Dicker LLP ("Wilson Elser"), counsel of record for defendants in the above-entitled matter; and, as such, I am competent to testify as to the matters set forth herein.

2.     Joseph C. Chu, Esq. is a former attorney at Wilson Elser. During his employment at Wilson Elser, Mr. Chu was intimately involved in the handling of this case.

3.     Mr. Chu left his employment with Wilson Elser on April 29, 2016. On May 2, 2016, he began work as an attorney at Ladah Law Firm, which is plaintiff's counsel of record.

4.     There is a tremendous conflict of interest now that Mr. Chu works at Ladah Law Firm.

5.     On May 3, 2016, I held a telephone conference with Ramzy Ladah, Esq., who is the owner of Ladah Law Firm. I requested Mr. Ladah and his firm to immediately withdraw as plaintiff's counsel due to the recent hiring of Mr. Chu. Mr. Ladah declined to do so.

6.     On May 4, 2016, I sent a follow-up correspondence to Mr. Ladah, where I again requested Mr. Ladah to immediately withdraw as plaintiff's counsel or else the defendants will fill a motion to disqualify Ladah Law Firm. (*See* a true and correct copy of defense counsel's correspondence to Mr. Ladah dated May 4, 2016, attached as **Exhibit A**.)

7.     As of the date of this motion, Ladah Law Firm has not withdrawn as plaintiff's counsel.

. . .

. . .

. . .

954115v.1

8.     The office addresses and telephone numbers of the movant and all affected parties are as follows:

Kym Samuel Cushing , Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
300 South Fourth Street, 11th Floor
Las Vegas, Nevada  89101
702.727.1400
Attorneys for Defendants

Ramzy Paul Ladah, Esq.
Ladah Law Firm
517 S. 3rd Street
Las Vegas, Nevada 89101
702.252.0055
Attorneys for Plaintiff

Kristian W. Lavigne, Esq.
Kristian Lavigne & Associates
8064 W. Sahara Ave.
Las Vegas, Nevada 89117
702.379.4413
Attorneys for Plaintiff

7.     Mr. Chu's past involvement in this case creates tremendous conflict of interest with Ladah Law Firm representing the plaintiff.  Because trial is set for June 20, 2016, which is approximately one month away, good cause exists for this motion to be heard on an emergency basis.

FURTHER AFFIANT SAYETH NOT.


_____
KYM SAMUEL CUSHING, ESQ.

Subscribed and Sworn to Before Me
this 11 day of May, 2016.

_____
Notary Public for
Said County and State

De'Awna Crews
Notary Public, State of Nevada
Appt. Expires May 16, 2016
Appt. No. 04-87820-1

954115v.1

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

The Rules of Professional Conduct exist for a reason.  Attorneys have a number of duties and responsibilities with which they must abide and adhere to.  Attorneys must be honest with the Court. Attorneys must act with reasonable diligence in representing clients.  Significantly, except in limited circumstances, attorneys must not sue former clients.

Plaintiff Lemus is represented by the law firms of Ladah Law Firm and Kristian Lavigne & Associates.  Joseph Chu, Esq. was a former attorney at the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, for many years until April 29, 2016.  Mr. Chu began working as an attorney for Ladah Law Firm on May 2, 2016.

During his employment at Wilson Elser, Mr. Chu represented Andrus and Mr. Olaverson and was intimately involved in the handling of this case.  A glance at the court docket shows Mr. Chu's name on behalf of the defendants on every pleading or motion filed by the defendants.  He conducted and defended every deposition in this case.  He played a substantial and critical role in formulating the defense strategies in this case.  He had access to defendants' confidential privileged and proprietary litigation strategies and practices, which information he may use at his new firm to the detriment of Andrus and Mr. Olaverson.

In light of the overwhelming evidence of conflict of interest set forth herein, and in order to avoid inevitable public suspicion of our judicial system's willingness to protect the attorney-client relationship, Mr. Chu and Ladah Law Firm should be disqualified from this case.

## II.   FACTUAL BACKGROUND

This is a personal injury action stemming from a motor vehicle accident which occurred on January 14, 2013, on southbound I-15 in Las Vegas, Nevada.  At the time, plaintiff – who has never possessed a driver's license – was operating his acquaintance's 2001 Toyota Tundra pickup truck near Exit 45 (Lake Mead Boulevard) when he was allegedly rear-ended by an Andrus semi-truck being operated by Mr. Olaveson.  At the time of impact, Mr. Olaveson was traveling 3-5 mph. Plaintiff alleges to have sustained bodily injuries as a result of the accident, primarily to his lumbar and cervical spine.

954115v.1

Plaintiff filed suit in Clark County District Court on July 3, 2014, asserting claims of negligence and vicarious liability against Andrus and Mr. Olaveson. On August 26, 2014, this matter was removed to the United States District Court – District of Nevada pursuant to 28 U.S.C. § 1441(b).

Joseph Chu, Esq. was a former attorney at the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP ("Wilson Elser"), for many years until April 29, 2016. During his employment at Wilson Elser, he represented the defendants and was intimately involved in the handling of this case. Mr. Chu began working as an attorney for Ladah Law Firm on May 2, 2016. Mr. Chu's past involvement in this case creates tremendous conflict of interest with Ladah Law Firm representing the plaintiff.

On May 3, 2016, defense counsel held a telephone conference with Ramzy Ladah, Esq., who is the owner of Ladah Law Firm, in which defense counsel requested Mr. Ladah to immediately withdraw Ladah Law Firm as counsel for plaintiff due to the hiring of Mr. Chu. Mr. Ladah declined to do so. Defense counsel sent a follow-up correspondence on May 4, 2016, where defense counsel again requested Mr. Ladah immediately withdraw as counsel or otherwise the defendant will fill a motion to disqualify Ladah Law Firm. (*See* **Exhibit A**.) As of the date of this motion, Mr. Ladah has failed to withdraw as counsel.

Ladah Law Firm is a small law firm with four attorneys, including Mr. Chu. As such, there is no firewall or other remedy except for disqualification of the entire Ladah Law Firm as attorney of record for the plaintiff. If Ladah Law Firm is disqualified, the plaintiff would still have legal representation from the law firm of Kristian Lavigne & Associates. Since trial is set for June 20, 2016, the defendants move on an emergency basis to disqualify Ladah Law Firm.

## III.   APPLICABLE LEGAL AUTHORITY

Under Local Rule IA 10-7(a), attorneys "admitted to practice pursuant to any of these Rules shall adhere to the standards of conduct prescribed by the Model Rules of Professional Conduct as adopted and amended from time to time by the Supreme Court of Nevada, except as such may be modified by this Court." Courts are responsible for controlling the conduct of attorneys practicing before them, and have broad discretion in determining whether disqualification is required in a particular case. *See Tr. Corp. of Mont. v. Piper Aircraft Corp.*, 701 F.2d 85, 87 (9th Cir. 1983); *see*

954115v.1

*also Robbins v. Gillock*, 109 Nev. 1015, 1018, 862 P.2d 1195, 1197 (1993); *Cronin v. District Court*, 105 Nev. 635, 640, 781 P.2d 1150, 1153 (1989) (rejected on other grounds by *Nevada Yellow Cab Corp. v. Eighth Jud. Dist. Ct. ex rel. County of Clark*, 123 Nev. 44, 152 P.3d 737, n. 26 (2007)). Additionally, courts have inherent power to enjoin an attorney from representing conflicting interests. *See Boyd v. Second Judicial District Court*, 51 Nev. 264, 274 P. 7 (1929)

Courts deciding attorney disqualification motions are faced with the delicate and sometimes difficult task of balancing competing interests: the individual's right to be represented by counsel of one's choice, each party's right to be free from the risk of even inadvertent disclosure of confidential information, and the public's interest in the scrupulous administration of justice. *See Hull v. Celanese Corp.*, 513 F.2d 568, 570 (2d Cir. 1975). While doubts should generally be resolved in favor of disqualification (*see Cronin*, 105 Nev. at 640, 781 P.2d at 1153; *Hull*, 513 F.2d at 571), parties should not be allowed to misuse motions for disqualification as instruments of harassment or delay. *See Flo-Con Systems, Inc. v. Servsteel, Inc.*, 759 F. Supp. 456, 458 (N.D. Ind. 1990).

When considering whether to disqualify counsel, the district court must balance the prejudices that will inure to the parties as a result of its decision. *Cronin*, 105 Nev. at 640, 781 P.2d at 1153. Specifically, to prevail on a motion to disqualify opposing counsel, the moving party must first **(1)** establish "at least a reasonable possibility that some specifically identifiable impropriety did in fact occur", and must then **(2)** establish that "the likelihood of public suspicion or obloquy outweighs the social interests which will be served by a lawyer's continued participation in a particular case." *Id.* at 641, 781 P.2d at 1153 (quoting *Shelton v. Hess*, 599 F. Supp. 905, 909 (S.D. Tex. 1984)). Similarly, the Nevada Supreme Court has held that all that is necessary to support disqualification of co-counsel is a reasonable probability that counsel actually acquired privileged, confidential information." *Brown v. Eighth Jud. Dist. Ct.*, 116 Nev. 1200 (2000).

Further, the Nevada Supreme Court Rules of Professional Conduct (NRPC) address the following issues related to attorney conflicts, all of which are pertinent to the instant motion:

*Rule 1.9. Duties to Former Clients.*

(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

...

    (c)  A lawyer who has formerly represented a client in a matter or whose present or former firm has represented a client in a matter shall not thereafter:

         (1) Use information relation to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or

         (2) Reveal information relating to the representation except as these Rules would permit or require with respect to a client.

*Rule 1.10.  Imputation of Conflicts of Interest.*

    (a)  While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.9, or 2.2, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

The Nevada Rules of Professional Conduct are intended to be interpreted with reference to the purposes of legal representation and of the law itself.  The NRPC also establishes standards of conduct by lawyers.  *See, e.g.,* NRPC 1.0A.  Upon review and consideration of these rules, along with an assessment of the facts of this case, it becomes unequivocally clear that Mr. Chu and Ladah Law Firm have an unwaivable and direct conflict of interest with respect to adverse proceedings as to the defendants Andrus and Olaversion, thereby warranting immediate disqualification in this case.

## IV.   LEGAL ARGUMENT

### A.  Mr. Chu Was Intimately Involved in the Handling of this Case

During his employment with Wilson Elser, Mr. Chu represented Andrus and Mr. Olaverson, and he was intimately involved in the handling of this case.  A glance at the court docket shows Mr. Chu's name on behalf of the defendants on every pleading or motion filed by the defendants.  Mr. Chu's name is listed on behalf of the defendants from the notice of removal of action to federal court (doc. 1), filed on August 25, 2014, to the most recent filing by the defendants, which is the joint pre-trial order (doc. 58), filed on December 30, 2015.

Mr. Chu worked, almost exclusively, on this case for years.   He conducted and defended every deposition in this case.  He deposed the plaintiff and plaintiff's doctors and experts.  He had direct contact with Mr. Olaverson and Andrus employees, including numerous corporate officers,

1   and he defended Mr. Olaveson and Andrus' multiple FRCP 30(b)(6) witnesses at deposition.   He

2   worked on motions and prepared comprehensive status letters to the clients which articulated and

3   recommended specific actions to take in response to the plaintiff's filings.   He played a substantial

4   and critical role in formulating the defense strategies in this case.   He had access to defendants'

5   confidential privileged and proprietary litigation strategies and practices, which information he may

6   use at his new firm to the detriment of Andrus and Mr. Olaverson.

7       Ladah Law Firm is a small law firm with four attorneys, including Mr. Chu.  As such, there

8   is no firewall or other remedy except for disqualification of Ladah Law Firm as attorney of record

9   for the plaintiff.     In light of the overwhelming evidence of conflict of interest, and in order to avoid

10   inevitable public suspicion of our judicial system's willingness to protect the attorney-client

11   relationship, Mr. Chu and Ladah Law Firm should be disqualified from this case.

12       As stated in NRPC 1.9, an attorney is precluded from representing another person in a

13   substantially related matter in which that person's interests are materially adverse to the interests of a

14   former client.  It is undisputed that Mr. Chu formerly represented the defendants in this case.  Based

15   on a plain reading of the rule, Mr. Chu and Ladah Law Firm should be disqualified from

    representing the plaintiff in this lawsuit.

16       NRPC 1.9 was adopted to provide parties with some assurance that their confidential and

17   privileged communications with counsel will not later be disclosed, just because a given attorney

18   chooses to change his employment.   Another purpose for the rule is to preclude attorneys from

19   having an unfair advantage over opposing counsel by knowing confidential information obtained

20   directly from the opposing party.   If Mr. Chu and Ladah Law Firm are allowed to continue

21   representation of the plaintiff, they will surely use the confidential privileged information Mr. Chu

22   obtained from defendants regarding their defense strategies to the advantage of the plaintiff and to

23   the detriment of Mr. Chu's former clients.  The only remedy is to preclude Mr. Chu and Ladah Law

24   Firm from continuing their representation of the plaintiff.  The likelihood of public suspicion clearly

25   outweighs the social interests served by Mr. Chu and Ladah Law Firm's continued participation in

26   this lawsuit.

27       Mr. Ladah will likely argue that he would firewall Mr. Chu and not ask Mr. Chu anything

28   regarding his involvement with this case.  However, given the small size of Ladah Law Firm and Mr.

954115v.1

Chu's intimate involvement in defending the defendants in this case, a firewall is impractical and Mr. Chu and Ladah Law Firm simply cannot be allowed to represent the plaintiff in this case. Mr. Chu owes an ongoing duty of confidentiality to his previous clients. He cannot disclose any privileged information or information derived from privileged communications with these clients to anyone, absent clear consent of the former client. At the same time, he owes a duty to his current client to be completely forthcoming with any information which may help his case.

There is clearly a conflict in Mr. Chu's duties to his former and his current clients. He has information regarding defense strategies which gives him significant insight into how this case would be handled. It would benefit his current client, plaintiff Lemus, to use such information in the prosecution of this case. However, disclosure of such information would clearly violate his duties of confidentiality to Andrus and Mr. Olaverson.

As stated above, an attorney should be disqualified in cases where the likelihood of public suspicion or obloquy outweighs the social interests which will be served by a lawyer's continued participation in a particular case. The only social interest supporting continued participation is the right of a person to retain counsel of his own choosing. However, there are numerous well-qualified attorneys in this jurisdiction that could prosecute this case as well as Mr. Chu and Ladah Law Firm, and plaintiff Lemus remains represented by the law firm of Kristian Lavigne & Associates. The harm which could result to defendants by having Mr. Chu use the privileged information he derived regarding defendants' strategies in this case far outweighs any detriment to the plaintiff by the withdrawal of Mr. Chu and Ladah Law Firm.

## V.    CONCLUSION

By his past representation of the defendants in this case, Joseph Chu, Esq. was privy to privileged information regarding defendants' defense strategies. Mr. Chu now works for plaintiff's counsel, Ladah Law Firm. Mr. Chu's knowledge of those defense strategies will directly and adversely affect the interests of his former clients, Andrus and Mr. Olaverson. Under the Nevada Rules of Professional Conduct, Mr. Chu and Ladah Law Firm should be immediately disqualified from representing the plaintiff.

Based on the foregoing, the defendants respectfully requests that this Honorable Court issue an order granting the instant motion to disqualify Joseph C. Chu, Esq., Ramzy Paul Ladah, Esq., and

954115v.1

the entire Ladah Law Firm (including all of its current attorneys) from serving as plaintiff's counsel in this case. Mr. Ladah was asked, on more than one occasion, to withdraw from this case given this obvious conflict of interest. Unfortunately, Mr. Ladah has refused to withdraw Ladah Law Firm from serving as plaintiff's counsel, thereby necessitating this motion. The defendants further pray for all other just relief.

DATED this ___ day of May, 2016.

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

BY: _____
KYM SAMUEL CUSHING
Nevada Bar No. 4242
MARK C. SEVERINO
Nevada Bar No. 14117
300 South Fourth Street, 11th Floor
Las Vegas, Nevada 89101
702.727.1400; FAX 702.727.1401
*Attorneys for Defendants Robert James
Olaveson and Andrus Transportation Services*

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP and that on this ___ day of May, 2016, I electronically filed and served a true and correct copy of the foregoing **DEFENDANTS' EMERGENCY MOTION TO DISQUALIFY COUNSEL** to all parties on file with the CM/ECF.

| | |
|---|---|
| Ramzy Paul Ladah, Esq. | Kristian W. Lavigne, Esq. |
| Ladah Law Firm | Kristian Lavigne & Associates |
| 517 S. 3rd Street | 8064 W. Sahara Ave. |
| Las Vegas, Nevada 89101 | Las Vegas, Nevada 89117 |
| litigations@ladahlaw.com | kris@myrebellawyer.com |
| 702.252.0055; FAX 702.248.0055 | 702.379.4413; FAX 702.310.6690 |
| Attorneys for Plaintiff | Attorneys for Plaintiff |

BY: _____
An Employee of WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

954115v.1

# Exhibit "A"

# Exhibit "A"



May 4, 2016

Kym Cushing<br>
702.727.1250 (direct)<br>
Kym.Cushing@wilsonelser.com

VIA FACSIMILE ONLY
(702) 248-0055

Ramzy Paul Ladah, Esq.
LADAH LAW FIRM
517 S. 3rd Street
Las Vegas, NV 89101

RE:     *Jhonny, Dario Lemus v. Andrus Transportation Services, Inc.*
        Court Case No.         :       2:14-cv-01381-JCM-NJK
        <u>Our Matter Number</u>      :       <u>14738.00008</u>

Dear Ramzy:

Following up on our telephone conversation yesterday, this letter will serve as a formal request for your law firm to immediately withdraw from this case due to the hiring of my former associate, Joseph Chu. As you know, Mr. Chu was intimately involved in the handling of this case – from the beginning up until last week.  With the trial of this case set for June 20, 2016, I will require an immediate response to my request; otherwise, I will have to file a motion to disqualify on an emergency basis.

After consulting with my client, unfortunately, I am not able to stipulate to continue the trial of this case. You hired Mr. Chu knowing that the trial in this case is set to start in a little over one month.

Very truly yours,

Wilson Elser Moskowitz Edelman & Dicker LLP

Kym Samuel Cushing

KSC: dlc

300 South 4th Street, 11th Floor • Las Vegas, NV 89101 • p 702.727.1400 • f 702.727.1401

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

wilsonelser.com

949890v.1



**300 South 4th Street, 11th Floor**
**Las Vegas, NV 89101-6014**

Telephone #:   702.727.1400
Facsimile  #:   702.727.1401

---

The following facsimile has 2 page(s) including this cover page.  If you have any difficulty, or if the transmission was incomplete, please advise:  **De'Awna Crews**

---

| | | | |
|---|---|---|---|
| Company: | LADAH LAW FIRM | Date: | May 4, 2016 |
| Attention: | Ramzy Paul Ladah, Esq. | Facsimile #: | (702) 248-0055 |
| Our File No. | 14738.00008 | From: Attorney #: | Kym Samuel Cushing, Esq. 7502 |
| Re: | *Jhonny, Dario Lemus v. Andrus Transportation Services, Inc.* 2:14-cv-01381-JCM-NJK | | |

---

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone, and return the original message to us via postal service.  Thank you.

Albany • Baltimore • Boston • Chicago • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles
Louisville • McLean • Miami • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford
Washington DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris

765672v.1

05/04/2016 04:37 PM FAX        7027271401                    WILSON ELSER                        P.0001

```
***************************
***    TX Result Report    ***
***************************
          Sending is complete.

Job Number                1135
Address                   7022480055
Name
Start Time                05/04 04:37 PM
Call Length               00'24
Sheets                    2
Result                    OK
```



**WILSON ELSER**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

300 South 4th Street, 11th Floor          Telephone #:   702.727.1400
Las Vegas, NV 89101-6014                  Facsimile #:   702.727.1401

The following facsimile has 2 page(s) including this cover page.  If you have any difficulty, or if the transmission was incomplete, please advise: De'Awna Crews

| Company: | LADAH LAW FIRM | Date: | May 4, 2016 |
|---|---|---|---|
| Attention: | Ramzy Paul Ladah, Esq. | Facsimile #: | (702) 248-0055 |
| Our File No. | 14738.00008 | From: Attorney #: | Kym Samuel Cushing, Esq. 7502 |
| Re: | *Jhonny, Dario Lemus v. Andrus Transportation Services, Inc.* 2:14-cv-01381-JCM-NJK | | |

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient or the employee or agent