UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JHONNY DARIO LEMUS,<br><br>　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>ROBERT JAMES OLAVESON, et al.,<br><br>　　　　　　　　Defendant(s). | Case No. 2:14-CV-1381 JCM (NJK)<br><br>ORDER |

　　　　Presently before the court is plaintiff Jhonny Dario Lemus' emergency motion to continue trial. (ECF No. 65). Defendants Robert James Olaveson and Andrus Transportation Services, Inc. filed a response. (ECF No. 70). Plaintiff has not filed a reply.

　　　　Also before the court is the parties' stipulation to continue the motion *in limine* deadline. (ECF No. 72).

　　　　Trial for this matter is set for June 20, 2016. Despite having actual notice of this trial date since December 30, 2015, (*see* ECF No. 58), plaintiff's counsel's firm, Las Vegas Personal Injury ("LVPI"), hired an associate from defendants' counsel's firm on May 2, 2016, less than two months before trial. Because the associate had "a substantial role in [and] primary responsibility for [this] matter" when he worked for defense counsel, his association with plaintiff's counsel's firm disqualified any lawyer at plaintiff's counsel's firm from representing plaintiff under Nevada Rule of Professional Conduct ("Rule") 1.10(e). NEV. R. PROF'L CONDUCT 1.10(e)(1).

　　　　Notwithstanding Rule 1.10, plaintiff's counsel refused to disqualify himself from the case at defense counsel's request.[1] (*See* ECF No. 65 at 12). Defense counsel was forced to file a motion

---

[1] Plaintiff's counsel should have immediately terminated his representation of plaintiff upon hiring former defense counsel given the new associate's substantial role in the matter. His continued "knowing represent[ation]" of plaintiff despite his new hire's disqualification under Rule 1.9 is a violation of Rule 1.10(e). His failure to immediately remove himself from the case was unprofessional. His continued refusal to do so after defense counsel brought the conflict to his

**James C. Mahan**
**U.S. District Judge**

for disqualification, which the court heard on an expedited basis. Citing Rule 1.10(e)(1), Magistrate Judge Koppe granted the motion for disqualification on May 19, 2016. (ECF No. 73 at 4–5).

Plaintiff filed the motion to continue trial dates prospectively while the motion for disqualification was still pending. (*See* docket). He argues that he and his now disqualified counsel will need more than one month to find new counsel and provide that counsel sufficient time to prepare for trial.[2] He asks the court to continue the trial for 120 days to a date in October, delaying the trial a full five months.

Defendants argue that the hiring of their counsel's former associate was dilatory and that further delay in this nearly two-year old matter will prejudice their case. They argue that LVPI could have waited until trial had finished in late June to hire the associate and that any knowing decision to hire him regardless of the impending trial was a deliberate decision to stall the matter.

The court finds itself in the unfortunate position of choosing between punishing the plaintiff for his former attorney's transgressions in this matter by holding him to the current trial date or punishing defendants for plaintiff's former counsel's transgressions by delaying a trial over their opposition.

There is no indication on the record that plaintiff was aware of his attorney's hiring actions. The court therefore finds that forcing plaintiff to attempt to find competent counsel that is willing to try an unfamiliar case on less than one month's notice would be inequitable and that a reasonable delay will not prejudice defendants materially.

Plaintiff's request for a continuance of 120 days to a date five months from now is unreasonable, however, in light of defendants' protests. The court will instead continue the matter for sixty (60) days, providing a reasonable period of approximately ninety (90) days for plaintiff to find representation and for the new attorney to familiarize himself with the case.

---

attention caused defense counsel to expend valuable legal resources. It also caused the U.S. taxpayer to expend the judicial resources of two of this court's chambers. Moving forward, the court advises counsel to treat the rules of professional conduct as rules and not mere suggestions.

[2] Plaintiff is currently represented by a second attorney of record: Kristian LaVigne. Defendants argue that Mr. LaVigne is capable of taking this case to trial as scheduled. Plaintiff does not make any representation with respect to Mr. LaVigne's role in this case or his ability to try the matter. The court construes this an indication that Mr. LaVigne, whatever his role may be, is either not prepared or not inclined to go to trial in this case.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Given the continuance, the parties' stipulation for an extension of motion *in limine* deadlines is moot. Motions *in limine* will be due thirty days before trial pursuant to LR 16-3.[3]

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Jhonny Dario Lemus' emergency motion to continue trial (ECF No. 65) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that the trial scheduled for **June 20, 2016**, at **9:00 A.M**. and calendar call scheduled for **June 15, 2015**, at 1:30 P.M. be, and the same hereby are, VACATED.

IT IS FURTHER ORDERED that trial in this matter be set for **August 22, 2016**, at **9:00 A.M.** and calendar call be set for **August 17, 2016**, at **1:30 P.M**.

IT IS FURTHER ORDERED that the parties' stipulation for an extension of motion *in limine* deadlines (ECF No. 72) be, and the same hereby is, DENIED as moot.

DATED May 23, 2016.

                                                     UNITED STATES DISTRICT JUDGE